Opinion of the Court.

## W. G. BLOUNT, Etc., v. L. F. ANDERSON.

Officer — Resignation — Vacancy — Election — Examining Board.

> Where an officer tenders his resignation before the time to hold an election, to take effect after said time, the office is not vacant, and no election to fill the office can be legally held.

Same.

> The board for examining the poll-books and giving certificates of election are not required to perform their duties only when legal elections are held.

APPEALED FROM GRAVES CIRCUIT COURT.

January 22, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

Appellee filed his petition in the court below against appellants, who, as is alleged, composed the examining board in Graves county in 1865, by law, and whose duty it was to compare the polls, count the votes cast at the election held in August of said year, and award certificates of election, etc., for a peremptory mandamus to compel them to proceed at once to compare the poll-books of Graves county for the election held in August, 1865, and to award him a certificate of election to the office of clerk of the County Court of said county for the unexpired term of John T. Bolinger, and for the possession of the office, etc.

Upon the trial of the case in the court below the prayer of the petitioner was granted, and Blount, Robbins, and Hale have appealed.

It is alleged in the petition that John T. Bolinger was elected clerk of the Graves County Court in 1862, executed his official bond, took the oath of office, and entered upon the discharge of his duties as clerk as aforesaid. That Bolinger removed from the county of Graves to the county of McCracken about the 2d of June, 1864, where he has continued to reside ever since, thereby vacating his office of clerk of the County Court of Graves county, but continued to act by his deputy as clerk of said court until the 2d day of June, 1865, when he tendered his resignation to W. G. Blount, judge of Graves County Court, that said resigna-

tion was made to take effect on the day of its date, that it was so understood by said Blount, judge as aforesaid, and by Bolinger himself, that said office was thereupon declared vacant, and a writ of election awarded to be held in August, 1865, for clerk of the Graves County Court to fill the vacancy occasioned by the resignation of Bolinger as aforesaid. That an election was held in the said county on the first Monday in August, 1865, to fill the unexpired term of said Bolinger, that he then and there was elected, possessed all the legal qualifications, and was entitled to the office, but that appellants, who composed the examining board for Graves county, refused to compare the polls and give him a certificate of his election.

Appellants in their answer deny that the office of the clerk of Graves County Court was vacant, or Bolinger had resigned, or that any election was held for County Court clerk at the August election, 1865, in said county, and after controverting the material allegations of the petition, they admit they did constitute the examining board, and as such declined to certify to the election of appellee for the reason that there was no vacancy in the office, and no election could be or was, in fact, held for clerk of the Graves County Court at the time and place designated.

The first important question for consideration is, was there in fact a vacancy in the office of clerk of the County Court, for if there was no vacancy, no election could have been legally held.

Appellee based his claim to the office on the ground that Bolinger, the clerk on the 2d of June, 1865, resigned his office, whereby a vacancy had occurred.

The only evidence of Bolinger's resignation is a letter addressed by him to Blount, then judge of the Graves County Court, as follows:

> "I hereby resign the office of County Court clerk of Graves county, Ky. My resignation is to take effect on the 2d Monday in August next. I make the resignation to take effect after the August election in order that my successor elected in August may have time to qualify."

This can not be construed as a resignation vacating the office from and after the date of the letter. The writer, in direct terms, says he makes his resignation to take effect "after the August election;" certainly, then, if the resignation was not made to take effect until after the August election there could not be a

vacancy, and no election to fill that office could have been properly held.

The county judge did not regard the office vacant upon the reception of Bolinger's letter or he would have appointed a successor to fill the vacancy until the next regular election. And the writ of election which he caused to issue, and which issued without authority of law, could not legalize an election even if it had been held by virtue thereof, and could confer no rights upon any one voted for on such an occasion.

Appellee himself did not regard the votes cast for him as conferring any rights upon him, for he was afterward an applicant to the county judge for an appointment to the office by him after Bolinger's resignation took effect.

The board for examining the poll-books and giving certificates of elections are required to perform these duties when elections are legally held, and must be presumed to know when such elections take place. It is not their duty to compare poll-books of elections and give certificates on occasions when the people of a county may choose to assemble at their respective places of voting and express their preference for particular individuals to fill certain offices at times when the law does not require elections to be held. Such action on the part of the examining board would be violative of their duty. Hence they must be presumed to know when elections are properly held, and when it becomes their duty to act as a board.

As, therefore, no election could have been legally held for County Court clerk for Graves county in August, 1865, and none was in fact held, the board of examiners had no authority to examine into the poll-books of any such election, nor to give a certificate of election to appellee for the office aforesaid, and properly declined to act in the premises when called on by appellee to do so.

Wherefore, the judgment is reversed, and the cause remanded, with directions to dismiss appellee's petition.

*Harlan & Harlan,* for appellants.

*Bullock & Rodman,* for appellee.